IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELVIN RAMOS SANTOS
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

HD ENTERPRISE, INC.
d/b/a HUNAN DYNASTY
215 Pennsylvania Avenue SE
Washington, DC 20003

XIN QI
a/k/a TIM QI
400 Mass Avenue NW, Suite 618
Washington, DC 20001

    Defendants.

Civil Action No. _____

## COMPLAINT

1.     Plaintiff worked at Defendants' restaurant, Hunan Dynasty, as a kitchen hand. Defendants paid Plaintiff a flat semimonthly salary that denied him minimum and overtime wages.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Elvin Ramos Santos is an adult resident of the District of Columbia.

6. Defendant HD Enterprise, Inc. is a District of Columbia corporate entity. It does business as Hunan Dynasty. Its principal place of business is located at 215 Pennsylvania Avenue SE, Washington, DC 20003. Its registered agent for service of process is Xin Qi, 400 Mass Avenue NW, Suite 618, Washington, DC 20001.

7. Defendant Xin Qi is an adult resident of the District of Columbia. Xin Qi resides at 400 Mass Avenue NW, Suite 618, Washington, DC 20001. Xin Qi is an owner and officer of Defendant HD Enterprise, Inc. Xin Qi exercises exclusive control over the operations of HD Enterprise, Inc. — including its pay practices.

## Factual Allegations

8. Defendants own and operate the restaurant Hunan Dynasty, located at 215 Pennsylvania Avenue SE, Washington, DC 20003.

9. Plaintiff worked at Hunan Dynasty from approximately March 1, 2018 through approximately January 5, 2019.

10. Plaintiff worked at Hunan Dynasty as a kitchen hand.

11. Plaintiff's job duties at Hunan Dynasty primarily consisted of cutting vegetables and meats, preparing food, washing dishes, cooking, and cleaning.

12. Plaintiff typically and customarily worked 6 days per week.

13. Plaintiff typically and customarily worked 72.5 hours per week.

14. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

15. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Mar. 01, 2018–Aug. 31, 2018 | $1,100.00 | $7.00 |
| Sept. 01, 2018–Jan. 05, 2019 | $1,200.00 | $7.64 |

16. At all relevant times, Defendants paid Plaintiff in cash.

17. Plaintiff worked more than 40 hours per workweek for Defendants.

18. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

19. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

20. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable minimum wage.

21. The DCMWA required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through the present. D.C. Code § 32-1003(a).

22. Defendants owe Plaintiff approximately $27,442.39 in minimum and overtime wages (excluding liquidated damages).

23. Defendant Xin Qi directly supervised Plaintiff and the other employees at Hunan Dynasty.

24. Defendant Xin Qi typically tendered Plaintiff his pay.

25. At all relevant times, Defendants had the power to hire and fire Plaintiff.

26. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

27. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

28. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

29. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

30. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

31. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

32. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

33. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

34. At all relevant times, Defendants had employees who handled food products, such as rice, chicken, and beef, that had been grown or raised outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

35. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

36. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

37. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

38. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

39. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

40. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

41. Defendants' violations of the FLSA were willful.

42. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

45. The DCMWA required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through the present. D.C. Code § 32-1003(a).

46. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

47. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

5

48. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

49. Defendants' violations of the DCMWA were willful.

50. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

53. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

54. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

55. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

56. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

57. Defendants' violations of the DCWPCL were willful.

58.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$115,375.56**, and grant the following relief:

  a.    Award Plaintiff $109,769.56, consisting of the following overlapping elements:

   i.   unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.  unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

   iii. unpaid minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

  b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

  c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,206.00);

  d.    Award Plaintiff court costs (currently, $400.00); and

  e. Award any additional relief the Court deems just.

Date: February 10, 2019         Respectfully submitted,

                  /s/ Justin Zelikovitz
                  JUSTIN ZELIKOVITZ, #986001
                  DCWAGELAW
                  519 H Street NW
                  Washington, DC 20001
                  Phone: (202) 803-6083
                  Fax: (202) 683-6102
                  justin@dcwagelaw.com

                  *Counsel for Plaintiff*

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

                  /s/ Justin Zelikovitz, Esq.